UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DEMETRIUS RENARD JONES, a/k/a
Derrick Johnson, a/k/a Demetrius
Holmes, a/k/a Pookie Jones, a/k/a
Joe Rogers,
            *Defendant-Appellant.*

No. 03-4763

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Samuel G. Wilson, Chief District Judge.
(CR-02-86)

Submitted: March 10, 2004

Decided: April 6, 2004

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Michael T. Hemenway, Charlottesville, Virginia, for Appellant.
John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr.,
Assistant United States Attorney, Charlottesville, Virginia, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM :

Demetrius Renard Jones appeals from the judgment of the district court convicting him, upon a guilty plea, of possession with intent to distribute ecstasy and cocaine base in violation of 21 U.S.C. § 841 (2000). Finding no error, we affirm.

Jones' sole claim on appeal is that the district court erred in denying his motion to suppress. We review the factual findings underlying the grant or denial of a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Jones*, 356 F.3d 529, 533 (4th Cir. 2004).

Jones claims that there was insufficient probable cause to support a search of the engine compartment of his automobile. We disagree. Deputies of the Frederick County Sheriff's Office received information from an identified informant accurately providing the make, color, and ownership of the vehicle driven by Jones. The informant also predicted the vehicle's location at a particular time. Finally, the informant correctly advised the deputies that Jones was wanted by the state of New Jersey on an outstanding escape warrant. Because this information was independently corroborated, we conclude the search was supported by probable cause. *See Illinois v. Gates*, 462 U.S. 213, 244-45 (1983); *United States v. Ross*, 456 U.S. 798, 809 (1982). Thus, the warrantless search was permissible under the automobile exception to the Fourth Amendment. *See United States v. Brookins*, 345 F.3d 231, 236-38 (4th Cir. 2003).

Accordingly, we affirm Jones' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*